# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BMO HARRIS BANK NATIONAL
ASSOCIATION,

        Plaintiff,

        v.

AUTOSCRIBE CORPORATION and

POLLIN PATENT LICENSING, LLC,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 11 CV 7996

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

BMO Harris Bank National Association ("BMO") complains and avers against

Defendants Autoscribe Corporation ("Autoscribe") and Pollin Patent Licensing, LLC ("PPL")

(collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1.     This action seeks declaratory judgment that: (i) BMO has not infringed,

directly or indirectly, any valid and enforceable claims of U.S. Patent No. 7,117,171 (the "'171

patent"), U.S. Patent No. 6,041,315 (the "'315 patent"), U.S. Patent No. 5,966,698 (the "'698

patent"), U.S. Patent No. 5,727,249 (the "'249 patent"), and U.S. Patent No. 5,504,677 (the

"'677 patent", collectively "patents-at-issue"); and (ii) each of the claims of the patents-at-issue

are invalid.

2.     The relief sought by BMO is necessary because Defendants have

previously accused many entities of infringing the patents-at-issue, have instigated patent

infringement lawsuits against certain of those entities, and have now threatened BMO with a lawsuit alleging such infringement.

## JURISDICTION AND VENUE

3.      BMO brings this action under Title 35 of the United States Code, and 28 U.S.C. §§ 2201-2202, to obtain a declaration of non-infringement and invalidity with respect to the patents-at-issue.

4.      Because this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendants because, upon information and belief, each transacts substantial business within this district including, *inter alia*, efforts to license and enforce the patents-at-issue.  In addition, on or about October 28, 2011, Defendants availed itself of this Court and the jurisdiction thereof by filing a complaint for patent infringement involving the '171 patent against HSBC Bank USA, N.A., HSBC Finance Corporation and HSBC Card Services, Inc.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

7.      BMO Harris Bank National Association is a chartered U.S. National Bank and maintains its principal place of business at 111 West Monroe Street, Chicago, Illinois 60603.

8.      On information and belief, Defendant Autoscribe Corporation is a Maryland Corporation with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

9.      On information and belief, Defendant Pollin Patent Licensing, LLC is a Florida limited liability company with a principal place of business at 9801 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

## THE PATENTS

10.      The '171 Patent, entitled "System and Method for Making a Payment from a Financial Account," issued from an original application filed on October 15, 1992 and names on the face of the patent Robert Pollin as sole inventor and Autoscribe as the assignee. A copy of the '171 patent is attached as Exhibit A.

11.      On information and belief, Autoscribe is, and purports to be, the assignee of all legal rights, title and interest in and to the '171 Patent, PPL is the exclusive licensee of the '171 Patent, and Autoscribe and PPL must jointly assert infringement of the '171 Patent.

12.      The '315 Patent, entitled "Automated Payment System and Method," issued from an original application filed on October 15, 1992 and names on the face of the patent Robert Pollin as the sole inventor and Autoscribe as the assignee.  A copy of the '315 patent is attached as Exhibit B.

13.      On information and belief, Autoscribe is, and purports to be, the assignee of all legal rights, title and interest in and to the '315 Patent, PPL is the exclusive licensee of the '315 Patent, and Autoscribe and PPL must jointly assert infringement of the '315 Patent.

14.      The '698 patent, entitled "Automated Payment System and Method," issued from an original application filed on October 15, 1992 and names on the face of the patent Robert Pollin as the sole inventor.  A copy of the '698 patent is attached as Exhibit C.

15. On information and belief, Autoscribe is, and purports to be, the assignee of all legal rights, title and interest in and to the '698 Patent, PPL is the exclusive licensee of the '698 Patent, and Autoscribe and PPL must jointly assert infringement of the '698 Patent.

16. The '249 Patent, entitled "Automated Payment System and Method," issued from an original application filed on October 15, 1992 and names on the face of the patent Robert Pollin as the sole inventor. A copy of the '249 patent is attached as Exhibit D.

17. On information and belief, Autoscribe is, and purports to be, the assignee of all legal rights, title and interest in and to the '249 Patent, PPL is the exclusive licensee of the '249 Patent, and Autoscribe and PPL must jointly assert infringement of the '249 Patent.

18. The '677 Patent, entitled "Automated Payment System," issued from an original application filed on October 15, 1992 and names on the face of the patent Robert Pollin as the sole inventor. A copy of the '677 patent is attached as Exhibit E.

19. On information and belief, Autoscribe is, and purports to be, the assignee of all legal rights, title and interest in and to the '677 Patent, PPL is the exclusive licensee of the '677 Patent, and Autoscribe and PPL must jointly assert infringement of the '677 Patent.

## DEFENDANTS' DEMAND COMMUNICATIONS TO BMO

20. Through communications and conduct, Defendants have repeatedly threatened assertion of the patents-at-issue against BMO.

21. On July 5, 2011, Defendants, through a third party called IP Dispute Resolution Corporation ("IPDR"), wrote BMO a letter identifying the '171, '315, '698, '249

and '677 Patents and alleging that these patents cover "certain check by phone payment systems involving a live operator."

22.    The July 5 letter further states that "Autoscribe believes that you have used and are using a system which is covered by one or more of" the '171, '315, '698. '249 and '677 Patents.

23.    The July 5 letter further states that, if BMO does "nothing, or [does] not respond in a timely manner, Autoscribe will take the matter away from IPDR and turn it over to Autoscribe's patent litigation attorneys."

24.    On September 21, 2010, IPDR, sent on behalf of Defendants an e-mail indicating that Autoscribe was offering BMO a license to the patents-at-issue, but that there was only a "limited time period within which to come to an amicable resolution." On October 13, 2011, IPDR again sent on Defendants' behalf an email inquiring "Any update from Harris Bank on their due diligence for the Autoscribe matter?"

25.    BMO has not infringed, directly or indirectly, any valid and enforceable claims of the patents-at-issue, and cannot therefore be liable for infringement of any such claims.

26.    An Article III case or controversy therefore exists inasmuch as Defendants have asserted rights under patents purportedly based on a certain identified ongoing activity by BMO, and BMO has asserted that it has the right to engage in the accused activity without a license.

27.    The instant dispute is therefore clearly defined and is ripe for adjudication.

BMO Harris Bank N.A. v.
Autoscribe et al.
    5    Case No. 11 CV 7996

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '171 Patent)

28.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-27 of this Complaint as though set forth in full herein.

29.     BMO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '171 Patent, either literally or under the doctrine of equivalents.

30.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to infringement of the '171 patent.

31.     BMO hereby seeks entry of a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '171 Patent.

## COUNT II

### (Declaratory Judgment of Non-Infringement of the '315 Patent)

32.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-31 of this Complaint as though set forth in full herein.

33.     BMO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '315 Patent, either literally or under the doctrine of equivalents.

34.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to infringement of the '315 patent.

35.     BMO hereby seeks entry of a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '315 Patent.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the '698 Patent)

36.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-35 of this Complaint as though set forth in full herein.

37.     BMO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '698 Patent, either literally or under the doctrine of equivalents.

38.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to infringement of the '698 patent.

39.     BMO hereby seeks entry of a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '698 Patent.

## COUNT IV

### (Declaratory Judgment of Non-Infringement of the '249 Patent)

40.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-39 of this Complaint as though set forth in full herein.

41.     BMO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '249 Patent, either literally or under the doctrine of equivalents.

42.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to infringement of the '249 patent.

43.     BMO hereby seeks entry of a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '249 Patent.

## COUNT V

### (Declaratory Judgment of Non-Infringement of the '677 Patent)

44.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-43 of this Complaint as though set forth in full herein.

45.     BMO does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid and enforceable claim of the '677 Patent, either literally or under the doctrine of equivalents.

46.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to infringement of the '677 patent.

47.     BMO hereby seeks entry of a declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '677 Patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of the '171 Patent)

48.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-47 of this Complaint as though set forth in full herein.

49.     The claims of the '171 patent are invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

50.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to the validity of the '171 patent.

51.     BMO hereby seeks entry of a declaratory judgment that the claims of the '171 Patent are invalid.

## COUNT VII

### (Declaratory Judgment of Invalidity of the '315 Patent)

52.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-51 of this Complaint as though set forth in full herein.

53.     The claims of the '315 patent are invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

54.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to the validity of the '315 patent.

55.     BMO hereby seeks entry of a declaratory judgment that the claims of the '315 Patent are invalid.

## COUNT VIII

### (Declaratory Judgment of Invalidity of the '698 Patent)

56.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-55 of this Complaint as though set forth in full herein.

57.     The claims of the '698 patent are invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

58.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to the validity of the '698 patent.

59.     BMO hereby seeks entry of a declaratory judgment that the claims of the '171 Patent are invalid.

## COUNT IX

### (Declaratory Judgment of Invalidity of the '249 Patent)

60.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-59 of this Complaint as though set forth in full herein.

61.     The claims of the '249 patent are invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

62.     Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to the validity of the '249 patent.

63.     BMO hereby seeks entry of a declaratory judgment that the claims of the '249 Patent are invalid.

## COUNT X

### (Declaratory Judgment of Invalidity of the '677 Patent)

64.     BMO realleges and incorporates by reference the allegations contained in paragraphs 1-63 of this Complaint as though set forth in full herein.

65. The claims of the '677 patent are invalid for failure to meet the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

66. Accordingly, there exists an actual and justiciable controversy between BMO and Defendants with respect to the validity of the '677 patent.

67. BMO hereby seeks entry of a declaratory judgment that the claims of the '677 Patent are invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, BMO Harris Bank National Association respectfully requests that this Court:

(a) declare that BMO has not infringed and does not infringe any valid and enforceable claim of the '171 patent either directly or indirectly;

(b) declare that BMO has not infringed and does not infringe any valid and enforceable claim of the '315 patent either directly or indirectly;

(c) declare that BMO has not infringed and does not infringe any valid and enforceable claim of the '698 patent either directly or indirectly;

(d) declare that BMO has not infringed and does not infringe any valid and enforceable claim of the '249 patent either directly or indirectly;

(e) declare that BMO has not infringed and does not infringe any valid and enforceable claim of the '677 patent either directly or indirectly;

(f) declare that the claims of the '171 patent are invalid;

(g) declare that the claims of the '315 patent are invalid;

(h) declare that the claims of the '698 patent are invalid;

(i) declare that the claims of the '249 patent are invalid;

(j)     declare that the claims of the '677 patent are invalid;

(k)     find that this is an exceptional case under 35 U.S.C. § 285 and award

BMO its reasonable attorneys' fees and costs of suit incurred herein; and

(l)     such other and further relief as this Court deems just and proper.


Dated: November 10, 2011

Emily Newhouse Dillingham (IL #6290333)
PAUL HASTINGS LLP
191 North Wacker Drive
Thirtieth Floor
Chicago, Illinois  60606
Telephone:  (312) 499-6292
Facsimile:  (312) 499-6192
emilydillingham@paulhastings.com

Robert M. Masters (*pro hac vice* to be filed)
Timothy P. Cremen  (*pro hac vice* to be filed)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC  20005
Telephone: (202) 551-1700
Facsimile: (312) 551-1705
robmasters@paulhastings.com
timothycremen@paulhastings.com


ATTORNEYS FOR BMO HARRIS BANK
NATIONAL ASSOCIATION