**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| BMO HARRIS BANK NATIONAL ASSOCIATION, | : : : : |
| Plaintiff/Counter-Defendant, | : Case No. 11 CV 7996 : |
| v. | : Judge John F. Grady : Magistrate Judge Morton Denlow |
| AUTOSCRIBE CORPORATION and POLLIN PATENT LICENSING, LLC, | : : : |
| Defendants/Counter-Plaintiffs. | : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT
BMO HARRIS BANK NATIONAL ASSOCIATION'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff/Counter-Defendant BMO Harris Bank National Association ("BMO" or "Plaintiff") respectfully submits this memorandum in support of its motion for judgment on the pleadings on Counts II-V of BMO's Complaint pursuant to Fed. R. Civ. P. 12(c) and asks that this Court enter a judgment in favor of BMO.

**<u>STATEMENT OF FACTS</u>**

1. Autoscribe Corporation ("Autoscribe") and Pollin Patent Licensing, LLC ("PPL," and together with Autoscribe, "Defendants") purport to own the five United States patents at issue in the action: (i) U.S. Patent No. 7,117,171 (the "'171 patent"); (ii) U.S. Patent No. 6,041,315 (the "'315 patent"); (iii) U.S. Patent No. 5,966,698 (the "'698 patent"); (iv) U.S. Patent No. 5,727,249 (the "'249 patent"); and (v) U.S. Patent No. 5,504,677 (the "'677 patent").

2. As detailed in BMO's *Complaint* (D.I. 001, ¶¶ 21-23), and admitted in Defendants' *Answer* (D.I. 011), on July 5, 2011, Defendants' representative, IP Dispute

Resolution ("IPDR") sent BMO a letter (hereinafter the "demand letter") on behalf of Defendants, identifying all five of Defendants' patents (*i.e.*, each of the '171, '315, '698, '249, and '677 Patents) and threatening BMO with an infringement litigation if BMO did not enter into a license agreement. Defendants continued to hound BMO via e-mail, insisting that a license was necessary. D.I. 001, ¶¶ 23-24.

3. BMO believed the five patents were neither infringed nor valid, but rather than engage in a series of negotiations with Defendants, BMO commenced litigation to remove this cloud of uncertainty from over its head. Specifically, on November 10, 2011, BMO filed a *Complaint For Declaratory Judgment Of Non-Infringement And Invalidity* against Defendants (D.I. 001) seeking, *inter alia*, declaratory judgment of non-infringement of all five of the Patents cited in the demand letter. D.I. 001, Counts I-V. The *Complaint* also seeks a declaratory judgment of invalidity as to all five Patents. D.I. 001, Counts VI-X.

4. On December, 5, 2011, Defendants filed their *Answer and Counterclaim For Patent Infringement* (D.I. 011). Despite identifying all five patents in the demand letter and demanding that BMO take a license under one or more of them or face litigation, Defendants' *Answer* denies only Count I of BMO's *Complaint* (non-infringement of the '171 Patent). D.I. 011, Response to ¶ 29. Defendants' *Answer* responds to Counts II-V (non-infringement of the '315, '698, '249, and '677 Patents) with the same indefinite statement that "Autoscribe and PPL have insufficient knowledge, information or belief to admit or deny the truth of this allegation." D.I. 011, Responses to ¶¶ 33, 37, 41, and 45.

5. On February 10, 2012, Defendants filed a *Motion to Dismiss Certain Claims for Lack of Subject Matter Jurisdiction* (D.I. 029) in which they seek, *inter alia*, to dismiss Counts

II-V of BMO's *Complaint* without prejudice. In support of this *Motion*, but directly contrary to their stated position in the pre-suit communications, Defendants now inform the Court that they:

> "[do] not contend that BMO infringes the '315, 698, '249 or '677 patents (collectively "the Non-Asserted Autoscribe Patents"). In fact, since the filing of this lawsuit, Autoscribe has repeatedly informed BMO that it has no intent to assert claims for infringement of the Non-Asserted Autoscribe Patents against BMO."

D.I. 030, at p. 2.

## GOVERNING LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for addressing a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Blue Sky Bio, LLC v. Federal Ins. Co.,* No. 10 C 4612, 2010 U.S. Dist. LEXIS 133999, at *5 (N.D. Ill. Dec. 17, 2010). Motions for judgment on the pleadings are granted when "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief, construing the facts in the light most favorable to the non-moving party." *Id*. at *6.

In deciding a motion for judgment on the pleadings, the court views the facts in the light most favorable to the non-moving party, and all well-pled allegations by the non-moving party are taken as true. *Abbott Labs. v. Sandoz, Inc.,* 532 F. Supp. 2d 996, 998 (N.D. Ill. 2007), citing *Gillman v. Burlington Northern R.R. Co.*, 878 F.2d 1020 (7th Cir. 1989).

Generally, "[w]hen ruling on a motion for judgment on the pleadings, the court cannot consider matters outside the pleadings, unless the court treats the motion as one for summary judgment." *Rainey v. UPS*, 2011 U.S. Dist. LEXIS 91228, at *4 (N.D. Ill. Aug. 16, 2011), citing Fed. R. Civ. P. 12(d). That does not mean, however, that the Court cannot look beyond the

BMO Harris v. Autoscribe et al.  
11-CV-07996  
3  
BMO Harris's Motion for Judgment on the Pleadings

complaint and answer. The Court "may take judicial notice of, and consider, matters of public record without converting the motion to dismiss into a motion for summary judgment." *Id.*, citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Court may also "review and consider exhibits attached to the complaint when resolving a motion for judgment on the pleadings." *Blue Sky Bio, LLC* at *6.[1]

## ARGUMENT

As of today, Defendants have filed over a dozen patent infringement litigations asserting at one time or another each of the '171, '315, '698, '249, and '677 Patents against over twenty different defendants. Against this backdrop, BMO received a demand letter on July 5, 2011 from IPDR on behalf of Defendants that identified each of the '171, '315, '698, '249, and '677 Patents, and demanded licensing fees from BMO. Ex. A, p 1, incorporated by reference in ¶¶ 21-23 of the *Complaint*. This letter indicated that Defendants believed BMO to be "using a system which is covered by one or more of its issued U.S. Patents" (*id.*, p. 1), that it could be turned over to "Autoscribe's patent litigation attorneys" (*id.*, p. 2), and provided a claim chart for one claim of the '171 patent, but which specified that it was "just one example of infringement from the five patents owned by Autoscribe" (*id.*, p. 15).

BMO does not believe it infringed or infringes any valid claims of any of the '171, '315, '698, '249, and '677 Patents. Thus, under the provisions of the Declaratory Judgment Act, and to remove this cloud of uncertainty as to all five patents and to Defendants threats of litigation, BMO filed its *Complaint* requesting, *inter alia*, a declaration of non-infringement of each of the five patents.

---

[1] Further, Fed. R. Civ. P.10(c) states: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Although Defendants were able to allege infringement of each of the five patents by BMO's system in its demand letter, they suddenly found themselves unable to make a decision on infringement when it came time to answer BMO's *Complaint*. In their *Answer*, Defendants refused to respond to BMO's claims for non-infringement of four of the patents – the '315, '698, '249, and '677 Patents (Counts II-V, respectively). Rather, Defendants responded to each of these counts with the same indefinite statement that "Autoscribe and PPL have insufficient knowledge, information or belief to admit or deny the truth of this allegation." D.I. 011, Responses to ¶¶ 33, 37, 41, and 45.[2]

Since this time, however, Defendants' position has changed ***again***, and they now concede there is no infringement of the '315, '698, '249, and '677 Patents. Defendants have now moved to dismiss Counts II-V related to these patents (D.I. 029), and in the supporting memorandum inform the Court that they:

> "[do] not contend that BMO infringes the '315, 698, '249 or '677 patents (collectively "the Non-Asserted Autoscribe Patents"). In fact, since the filing of this lawsuit, Autoscribe has repeatedly informed BMO that it has no intent to assert claims for infringement of the Non-Asserted Autoscribe Patents against BMO."

D.I. 030, at p. 2.

Accordingly, BMO moves for judgment on the pleadings as to its claims of non-infringement of the '315, '698, '249, and '677 Patents (Counts II-V of the *Complaint*). BMO has asserted non-infringement of each of these patents in its *Complaint*. Defendants' *Answer* does not admit or deny these claims, and now Defendants' *Motion to Dismiss*, cited above, concedes

---

[2] In the parties' previous appearance before this Court (on January 11, 2012), Defendants also requested that the Court provide a discovery period prior to claim construction so that Defendants could review BMO's system. Curiously, Defendants filed their *Motion* before receiving BMO's discovery, and thus must not have needed the discovery to determine their infringement allegations.

there is no infringement of the '315, '698, '249, and '677 Patents, a statement which the Court may take judicial notice due to its presence in the public record. *Rainey* at *4.

Finally, for the reasons set forth in BMO's *Opposition to Defendants' Motion to Dismiss*, it would be inappropriate to dismiss these claims at this stage of the proceeding. To do so would permit Defendants to continue to wave the patents over BMO's head and threaten litigation should it decide to do so in the future - thus defeating the very purpose of BMO's *Complaint* for declaratory judgment. The Court has subject matter jurisdiction over BMO's *Complaint*, and in light of the fact that Defendants do not allege infringement of the four patents and now expressly concede there is no infringement of those same four patents, judgment on the pleadings is appropriate and should be granted.

## CONCLUSION

BMO commenced this action including the four counts seeking a declaratory judgment that it does not infringe the '315, '698, '249, and '677 Patents. Defendants now admit that BMO does not infringe the '315, '698, '249, and '677 Patents. As such, BMO respectfully requests that this Court should grant Plaintiff's Motion for Judgment on the Pleadings as to Counts II-V in BMO's *Complaint* in favor of BMO pursuant to Fed. R. Civ. P. 12(c).

Respectfully submitted,

Dated: February 24th, 2012           **BMO Harris Bank National Association**

Emily Newhouse Dillingham (IL #6290333)
PAUL HASTINGS LLP
191 North Wacker Drive, 30th Floor
Chicago, IL 60606
Telephone: (312) 499-6292
Facsimile: (312) 499-6192
emilydillingham@paulhastings.com

<div style="margin-left: 40%;">

Robert M. Masters (admitted *pro hac vice*)
Timothy P. Cremen (admitted *pro hac vice*)
Lisa Y. Leung (admitted *pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC  20005
Telephone: (202) 551-1700
Facsimile: (312) 551-1705
robmasters@paulhastings.com
timothycremen@paulhastings.com
lisaleung@paulhastings.com

Bob Chen (admitted *pro hac vice*)
PAUL HASTINGS LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
Telephone: (858) 458-3023
Facsimile: (858) 458-3123
bobchen@paulhastings.com

</div>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24th, 2012, I electronically filed the foregoing Memorandum in Support of Plaintiff/Counter-Defendant BMO Harris Bank National Association's Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record for Defendants at their e-mail addresses on file with the Court.

                                              /s/ Emily Newhouse Dillingham
                                              Emily Newhouse Dillingham

LEGAL_US_E # 96853079.6